```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

               Plaintiff,

vs.                                Case No.   2:06-cv-163-FtM-29DNF

TRACT C09-34, 2.50 ACRES OF LAND,
MORE OR LESS IN COLLIER COUNTY,
FLORIDA, DOUGLAS UNSINN, ET AL.,

               Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Notice of Filing Receipts for Ron Provenzano (Doc. #37), filed on January 22, 2008.  The government has filed the receipts but takes no position as to the validity of Mr. Provenzano's claim to the compensation in the Registry for the improvements on the land.

On March 31, 2006, the government deposited $19,300.00 with the Registry of the Court as estimated just compensation for the improvements to the land, known as Tract C09-34.  After taking possession of the land, the government filed a Combined Motion and Memorandum to Determine Entitlement to Just Compensation (Doc. #20) as *amicus curiae*.  The Court provided potential claimants the opportunity to respond, see Doc. #22, and on May 18, 2007, entered an Opinion and Order (Doc. #27) granting Patricia Anne Mitchell's Application for Withdrawal of Estimated Just Compensation as to two-thirds of the amount on deposit, in the amount of $12,866.67,

and denying Mr. Provenzano's Application pending trial. On September 19, 2007, the Court entered an Opinion and Order (Doc. #34) noting that Mr. Provenzano appeared at trial and determining just compensation to be $15,000.00. As Mr. Provenzano was not prepared to proceed, the government stated that it would contact him after the trial in order to reach a resolution or proceed with trial. Mr. Provenzano's receipts total $7,621.70.

There is no dispute that the receipts are for the improvements made on the land and there is no dispute that Mr. Provenzano was essentially a trespasser on the land. The government does not object to a distribution if it is so deemed appropriate, and the Court finds that Mr. Provenzano should be compensated for the improvements supported by receipts. As the just compensation determined at trial was less than the estimated amount deposited with the Court, Ms. Mitchell received an overpayment and a surplus now exists in the Court Registry. Ms. Mitchell is only entitled to $10,000.00, plus interest. The government may pursue the overpayment as it deems appropriate. As to the surplus, the government will be directed to file a motion for the return of the funds. Having determined entitlement, the Court will direct disbursement of $5,000.00, one-third of the just compensation, to Mr. Provenzano.

Accordingly, it is now

**ORDERED:**

1. The Court determines that Ron Provenzano is entitled to a one-third distribution of the just compensation, **not to exceed $5,000.00, plus accrued interest but minus Registry fees**. The Clerk shall disburse this amount to Mr. Provenzano.

2. The government shall file a motion within **TEN (10) DAYS** of this Opinion and Order seeking a disbursement of the surplus that will remain in the Registry after said disbursement and indicate to whom the payment shall be made.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of March, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Mr. Provenzano
Finance - JAX